UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

AUBREYOANNA LYONS,

    Plaintiff,

v.

CITY OF MIRAMAR, a political subdivision of the
State of Florida, OFFICER TAMDEN GASKIN, in his
Official Capacity as a City of Miramar Police Officer and in his
Individual Capacity.

    Defendants.
_____/

COMPLAINT

COMES NOW the Plaintiff, AUBREYOANNA LYONS (hereinafter "Plaintiff"), by and through her undersigned counsel and hereby sues the Defendants, CITY OF MIRAMAR (herein after "City"), a political subdivision of the State of Florida and OFFICER TAMDEN GASKIN (hereinafter "Gaskin"), in his official capacity as a City of Miramar police officer and in his individual capacity and in support thereof alleges as follows:

PREMILINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief from this Court for injuries she sustained during a false arrest by City of Miramar police officer GASKIN on January 13, 2015, in violation of her civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of Florida.

.

1

## JURISDICTION AND VENUE

2. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) arising from an assault, battery and false arrest, in violation of Florida Law and the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, including a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

3. Jurisdiction is founded on Title 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitution al provisions mentioned above and under Florida tort law.

4. Venue is proper because the arrest from which these causes of action arose occurred in Broward County, Florida and the parties either resided or were located within Broward County, Florida at the time the incidents giving rise to this lawsuit occurred.

5. All conditions precedent under Florida law to the filing of this lawsuit have been satisfied or have been waived.

6. Plaintiff seeks an award of general and special damages for permanent physical and emotional injuries, pain and suffering, loss of earning capacity, enjoyment of life, punitive damages, court costs and attorney's fees.

## PARTIES

7. At all times material hereto, Plaintiff, was a resident of the City of Miramar and a citizen of the State of Florida.

8. At the time of the incident giving rise to this complaint, Plaintiff was a minor but has since reached the age of majority, is over the age of 18 and is otherwise sui juris.

9. At all times material hereto, the City, a political subdivision of the State of Florida, was

an entity authorized and created under the laws of the State of Florida. Defendant City assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

10. At all times material hereto, Defendant City, was the public employer of Defendant Gaskin.

11. At all times material hereto, Defendant Gaskin, was a City of Miramar Police Department employee in the capacity of police officer, over the age of 18 and otherwise sui juris. Defendant Gaskin is being sued in his official and individual capacities.

12. Defendant Gaskin was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the City of Miramar Police Department, an agency of Defendant City.

13. At all times relevant herein, the Defendant Gaskin was acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the City of Miramar Police Department, in the course and scope of his duties and functions as officer, agent, servant, and employee of Defendant City, and was acting for, and on behalf of, and with the power and authority vested in them by Defendant City and the City of Miramar Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

14. By the conduct, acts, and omissions complained of herein, Defendant Gaskin violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

15. Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those

imposed by Florida Statutes § 768.28.

16. Plaintiff has retained the services of the undersigned attorney and are obligated to pay reasonable attorney's fees and costs for such services in prosecuting the claims herein.

## FACTS

17. On January 13, 2015, Plaintiff exited a school bus in order to meet up with her sister at the Miramar High School.

18. After exiting the bus, Plaintiff noticed a large crowd in the area of the Publix Supermarket.

19. While looking for his sister, Plaintiff proceeded to approach the crowd when suddenly and without warning she was grabbed by her left arm by Defendant Gaskin, a City of Miramar police officer, who started twisting her arm as he pulled her away from the area.

20. After pulling Plaintiff away from around the crowd, Defendant Gaskin proceeded to twist her right arm as he pushed her up against his police vehicle car and handcuffed her.

21. At that time, Plaintiff felt a sharp pain in her right arm.

22. Plaintiff was placed inside of Defendant Gaskin's patrol car while in handcuffs.

23. Plaintiff's mother, Lovella Hilbert, was advised of the arrest of her daughter and soon thereafter arrived on the scene.

24. After pleading with Defendant Gaskin's for the release of Plaintiff, Defendant Gaskins agreed to release Plaintiff to the custody of her mother and removed his handcuffs.

25. After being released Plaintiff complained to her mother that Defendant Gaskin hurt her right arm.

26. Lovella Hilbert subsequently transported Plaintiff to Nicklaus Children's Hospital where Plaintiff's armed was x-rayed, which resulted in a finding that her right arm was fractured.

27. Plaintiff received medical treatment and her arm was placed in a sling and later a cast for a period of four weeks preventing her from enjoying life and attending to her chores and regular details of daily living and school participation.

## COUNT I-DEFENDANT TANDEM GASKIN
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## <u>EXCESSIVE FORCE</u>

28. Plaintiff re-alleges paragraphs 1-27 as if fully set forth herein.

29. The Fourth Amendment prohibits unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

30. Defendant Gaskin's use of force deprived Plaintiff of her Fourth Amendment right to be free from force that was excessive.

31. No probable cause existed for Plaintiff's arrest as Plaintiff had not committed any crime.

32. Defendant Gaskin's conduct was deliberately indifferent to Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution.

33. As a direct, proximate and foreseeable result of the acts and omissions of Defendant Gaskin, Plaintiff was physically and mentally injured and has in the past and will in the future suffer the following damages:

   a. Medical expenses;

   b. Mental pain and suffering;

   c. All damages allowable under 42 U.S.C. § 1983, Federal law and Florida State law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. § § 1983 and 1988, respectively:

   A. A judgment for compensatory damages against Defendant Officer Tandem Gaskins;

   B. Punitive damages against Defendant Gaskin in his individual capacity;

   C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

   D. A trial by jury on all issues so triable; and

   E. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT II-DEFENDANT CITY OF MIRAMAR § 1983 *MONELL* CLAIM

34. Plaintiff re-alleges paragraphs 1-27 as if fully set forth herein.

35. Plaintiff was deprived on at least one of the following federal rights guaranteed under the United States Constitution:

   a. The rights to be from unreasonable searches and/or seizures;

   b. The right to enjoy civil and statutory rights.

36. Defendant City developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens its officers came into contact with.

37. It was the policy and/or custom of Defendant City to inadequately and improperly investigate citizen complaints of police misconduct.

38. It was the policy and/or the custom of Defendant City to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

39. Defendant City inadequately investigated or inadequately disciplined Defendant Gaskin, thereby failing to adequately discourage further misconduct.

40. Defendant City tolerated and acquiesced to the excessive use of force by Defendant Gaskin on January 13, 2015.

41. Defendant Gaskin was not disciplined or reprimanded for violating Plaintiff's civil rights.

42. Defendant City made no changes to its policies after the events on January 13, 2015.

43. Because of the policy or custom of ignoring, tolerating and improperly handling complaints of excessive use of force, Defendant Gaskin believed that his actions would not result in investigation or discipline but would be tolerated.

44. The above described policies and customs demonstrates a deliberate indifference on the part of the Defendant City to the constitutional rights of persons its officers came into contact with, and were the cause of Plaintiff's deprivation of her constitutionally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiffs' civil rights claim against Defendant City brought pursuant to *Monell,* 42 U.S.C. § 1983 and § 1988:

A. A judgment for compensatory damages against Defendant City;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

C. A trial by jury on all issues so triable; and

D. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT III-DEFENDANT CITY OF MIRAMAR
## STATE LAW CLAIMS FOR ASSAULT AND BATTERY

45. Plaintiff re-alleges paragraphs 1-27 as if fully set forth herein.

46. Count III is pled in the alternative to all other counts.

47. Defendant Gaskin's conduct was intentional but was not willful, wanton, or malicious.

48. Defendant Gaskin's conduct, as alleged herein, was committed within the course and scope of his employment as a police officer with Defendant City.

49. Defendant Gaskin's conduct by grabbing Plaintiff and twisting her arms behind her back causing injury was in violation of her right to be free from an unreasonable search and seizure and constituted offensive and unprivileged touching of her person.

50. Defendant City, is responsible for the assault and battery committed by Defendant Gaskin such that *respondeat superior* applies to this action.

51. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, Plaintiff was injured and has in the past and will in the future suffer the following damages:

   a. Medical and psychological expenses;

   b. Mental pain and suffering;

   c. Physical pain and suffering;

   d. All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff demands judgment against the Defendant City for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

52. Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEY'S FEES

53. Plaintiff hereby demands payment of attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

Dated this August 27, 2018.

        Law Office of Roderick D. Vereen, Esq., P.A.
        Counsel for Plaintiff
        P.O. Box 68-0697
        Miami, Florida 33168
        Tel: (786) 391-1751
        Fax: (786) 409-3113
        Email: Vereen2469@aol.com

By:   ***/s/Roderick D. Vereen, Esq.***
       RODERICK D. VEREEN, ESQ.
       Florida Bar No: 869589
       Primary email: Vereen2469@aol.com